## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

| | | |
|---|---|---|
| **MAG INDUSTRIES LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **WORLD OF LOTUS LLC D/B/A** | ) | **PERMANENT INJUNCTIVE** |
| **LOTUS VAPE & SMOKE SHOP,** | ) | **RELIEF REQUESTED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the plaintiff, MAG Industries Ltd. ("Plaintiff"), and, for its Complaint against the defendant, World of Lotus LLC d/b/a Lotus Vape & Smoke Shop ("Lotus"), states as follows:

## NATURE OF SUIT

1.     This is a suit for counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*; trademark infringement, trade dress infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*; trademark infringement and trade dress infringement under Florida common law; and unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.204, *et seq.*

2.    Plaintiff markets and distributes products made of Delta-8 THC.[1] Since July 2020, Plaintiff has built a strong brand and reputation and generated substantial goodwill through its use of the trademark CLOUD 8 and its distinctive trade dress in connection with vape cartridges, batteries, and other related products.

3.    Plaintiff has a federal trademark registration for CLOUD 8, Registration No. 6,421,815, for use in conjunction with electronic cigarettes and oral vaporizers for smoking purposes.

4.    Defendant, without Plaintiff's consent or permission, has produced and/or distributed counterfeit goods using the trademark CLOUD 8 (the "Infringing Mark") and has also been infringing upon Plaintiff's valuable trademark by using the Infringing Mark in connection with the production, marketing, sale, and supply of Delta-8 THC vape cartridges and other related products. Additionally, Defendant, without Plaintiff's consent or permission, has been infringing upon Plaintiff's valuable trade dress rights by using product packaging that is nearly identical to Plaintiff's product packaging (the "Infringing Trade Dress") in connection with the production, marketing, sale, and supply of counterfeit Delta-8 THC vape cartridges and other related products. Defendant's

---

[1] The 2018 Farm Bill amended the Controlled Substance Act's definition of marijuana to exclude products derived from hemp so long as they contain less than 0.3% Delta-9 THC on a dry-weight basis. Plaintiff's Delta-8 THC products are derived from hemp and are tested to ensure that they do not contain more than 0.3% Delta-9 THC.

use of the Infringing Mark and Infringing Trade Dress is likely to cause mistake or confusion as to the source of Defendant's goods and services and, as such, constitutes counterfeiting, trademark infringement, trade dress infringement, and unfair competition under the Lanham Act; trademark infringement and trade dress infringement under Florida common law, and unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act.

## PARTIES

5.    Plaintiff MAG Industries Ltd. is a limited liability company organized under the laws of the State of Pennsylvania, with its principal place of business at 1631 Lincoln Avenue, Tyrone, PA 16686.

6.    Lotus is a limited liability company organized under Florida law. Lotus's principal place of business is located at 19826 Bittersweet Lane, Estero, FL 33928. Lotus has been registered to do business in the State of Florida since March 29, 2018.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a), as this matter arises out of the Lanham Act and involves questions of federal law. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C.

46359579 v1

§ 1367 because those claims arise out of the same transaction or occurrence as Plaintiff's federal claims.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1), as Lotus's principal place of business is in this judicial district. Venue also is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. To wit, Plaintiff is informed and believes that Defendant has made, used, offered for sale, distributed, and/or sold infringing, counterfeit products in this judicial district at its two stores operating under the fictitious name Lotus Vape & Smoke Shop which are located at 4396 Tamiami Trail North, Naples, Florida 34103 and 12995 South Cleveland Avenue #138, Fort Myers, Florida, 33907.

9.     The Court has personal jurisdiction over Lotus because Lotus maintains its principal place of business in this judicial district and sells counterfeit merchandise in this judicial district.

## I.     FACTUAL BACKGROUND

### A.     Plaintiff's Business, the CLOUD 8 Mark, and the Protected Trade Dress

10.     Plaintiff is a distributor, creator, marketer, and seller of Delta-8 THC vape pen cartridges, batteries, and other related products ("Plaintiff's Products"). Plaintiff has been in the business of offering these products and related services since August 2020.

11.    Plaintiff manufactures, sells, distributes, and retails Plaintiff's Products throughout the United States using the federally registered trademark CLOUD 8 (the "CLOUD 8 Mark").

12.    Plaintiff manufactures, sells, distributes, and retails vape pen cartridges using trade dress consisting of plastic packaging including a cavity to hold the product and a triangular-style hang hole with the CLOUD 8 Mark shown in the top right corner of the packaging. The specific flavor of the cartridge is displayed in script-style font on top of an ombre curve and a stylized cannabis leaf. The packaging also contains design elements consisting of smoke vapors (the "Protected Trade Dress").

13.    The Protected Trade Dress is distinctive, and customers associate the Protected Trade Dress with a sole source – Plaintiff.

14.    Plaintiff owns the domain name containing the phrase CLOUD 8 (cloud8delta8.com). Plaintiff uses this website to advertise, promote, market, and sell its CLOUD 8 Delta-8 THC products, including vape pen cartridges, batteries, and other related products bearing the CLOUD 8 Mark and packaged in the Protected Trade Dress. *See*, *e.g.*, https://www.cloud8delta8.com/cloud-8-cartridges (last accessed September 20, 2021).

15.    Plaintiff also maintains social media accounts with Facebook and Instagram (@cloud8delta8) through which it advertises and promotes its services

and products bearing the CLOUD 8 Mark and packaged in the Protected Trade Dress.

16.    Photographs of the CLOUD 8 Mark as used on some of Plaintiff's products in the Protected Trade Dress are attached hereto as Exhibit A.

17.    Plaintiff's Products are sold primarily in convenience stores, gas stations, smoke shops, and similar retail establishments.

18.    Plaintiff has invested significant resources into developing the CLOUD 8 Mark and Protected Trade Dress and creating an association in consumers' minds between Plaintiff and the CLOUD 8 Mark and between Plaintiff and the Protected Trade Dress. As a result of Plaintiff's efforts, the CLOUD 8 Mark and the Protected Trade Dress have developed secondary meaning, and consumers associate the CLOUD 8 Mark and the Protected Trade Dress with goods and services offered by Plaintiff. Plaintiff has generated substantial and valuable goodwill through its use of the CLOUD 8 Mark and the Protected Trade Dress.

19.    Moreover, Plaintiff's marketing efforts have been extremely successful. Within the last year, Plaintiff has sold millions of dollars of product into the Southeastern United States, including the State of Florida.

20.    To protect its intellectual property, Plaintiff filed for a United States trademark application for the use of the CLOUD 8 Mark in connection with, *inter*

*alia*, "electronic cigarettes" and "oral vaporizers." Plaintiff's application subsequently registered, and the registration has been designated U.S. Registration No. 6,421,815 (the "'815 Registration"). A copy of the '815 Registration is attached hereto as Exhibit B.

21.    The '815 Registration registered on July 13, 2021. In the application to register the CLOUD 8 Mark, Plaintiff identified its date of first use as August 13, 2020. In fact, Plaintiff has been using the CLOUD 8 Mark in interstate commerce since that time.

22.    As a result of the '815 Registration, Plaintiff has nationwide priority in the CLOUD 8 Mark for use in connection with electronic cigarettes and oral vaporizers as of August 13, 2020.

**B.    <u>Defendant's Infringing Conduct</u>**

23.    Plaintiff distributes Plaintiff's Products, which bear the CLOUD 8 Mark and are packaged in the Protected Trade Dress, to the Southeast region of the United States.

24.    Prior to May 2021, Defendant was a customer of Plaintiff, having purchased legitimate Products from Plaintiff's Southeast-based distributor.

25.    In early June 2021, Plaintiff's distributor noticed an unusual decline in sales. The distributor began investigating the reason for the decline and discovered the existence of counterfeit vape pen cartridges on the market after a customer in

Birmingham, Alabama notified the distributor that his Cloud 8 product was different and "looked weird."

26.    Upon investigation of the Birmingham customer's alleged Cloud 8 product, the distributor realized that the product was not a legitimate Cloud 8 product, but a convincing counterfeit product.

27.    Subsequently, the distributor arranged a meeting with the source of the Birmingham customer's counterfeit product, an individual later identified as Khurram Nouman ("Nouman").

28.    A meeting was had with Nouman on June 3, 2021. Nouman was not aware that the meeting had been arranged for the purpose of ascertaining whether Nouman was selling counterfeit goods. During the meeting, Nouman showed the distributor a large amount of counterfeit product, and stated that the products were "good fakes." Nouman also stated that he had approximately 3,000 units of the counterfeit products, and had the ability to get more from his source in Atlanta.

29.    A true and correct copy of a photograph of the products purchased from Nouman (the "Fake Products") during the June 3rd meeting is attached hereto as Exhibit C.

30.    After the meeting, Plaintiff filed a lawsuit against Nouman and another individual in the United States District Court for the Northern District of

Alabama, styled *MAG Industries, Ltd. v. Khurram Nouman, et al.*, 2:21-cv-00786-ACA (the "Alabama Lawsuit").

31.    In connection with the Alabama Lawsuit, Nouman disclosed that, on or about May 29, 2021, he had obtained the Fake Products from a wholesaler in Atlanta, subsequently identified as Elements Distribution, LLC ("Elements"). Plaintiff then filed an amended complaint adding Elements as a defendant in the Alabama Lawsuit.

32.    Thereafter, Elements disclosed that, on or about May 25, 2021, it purchased 8,000 units of alleged Cloud 8 merchandise from "Lotus Vape & Smoke Shop." A true and correct copy of the receipt for the Fake Products is attached hereto as Exhibit D. According to documents obtained from Elements, Elements returned the bulk of the Fake Products to Lotus on or about July 7, 2021 (presumably in response to being added as a defendant in the Alabama Lawsuit).

33.    It is evident from even a cursory review of the Fake Products that Lotus deliberately manufactured and/or distributed a product designed to appear identical to Plaintiff's legitimate products. Exhibit E consists of true and correct copies of photographs of the front and back of Plaintiff's legitimate merchandise alongside the front and back of Defendant's Fake Products (labeled as "authentic" and "counterfeit" in green and red, respectively).

34.    As is evident from Exhibits C and E, the Defendant is using the CLOUD 8 Mark and the Protected Trade Dress to advertise, market, manufacture, promote, and/or sell a variety of electronic cigarette and oral vaporizer products, including but not limited to vape cartridges and other related products.

35.    Clearly, Defendant is seeking to capitalize on Plaintiff's market presence, trade on the goodwill Plaintiff has developed in its brand, and wrongfully profit at Plaintiff's expense.

36.    Defendant's conduct is extremely harmful to Plaintiff. Aside from the obvious financial harm in the form of lost profits, Plaintiff's reputation is being harmed because Defendant is selling knock-off goods of inferior quality. The harm to Plaintiff's reputation and goodwill is irreparable, and not capable of being quantified in monetary terms.

37.    Further, Defendant's conduct is willful and intentional because Defendant was previously a customer of Plaintiff and purchased Plaintiff's Products. Thus, Defendant obviously knows how to differentiate Plaintiff's legitimate products from counterfeit goods.

## COUNT I
### Lanham Act Trademark Infringement
### 15 U.S.C. §§ 1114(1)

38.    Plaintiff adopts and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 37.

39.    Plaintiff has used the CLOUD 8 Mark in interstate commerce since August 2020 in connection with, *inter alia*, electronic cigarettes and oral vaporizers.

40.    Plaintiff applied to register the CLOUD 8 Mark with the United States Patent and Trademark Office, and obtained the '815 Registration on July 13, 2021.

41.    Plaintiff is aware that Lotus made at least one large sale of Fake Products, totaling 8,000 units, prior to the date on which Plaintiff's CLOUD 8 Mark registered.

42.    Due primarily to the volume of the May 2021 sale of Fake Products, Plaintiff is informed and believes, and thereon alleges, that Defendant has continued to sell the Fake Products, including after the date on which Plaintiff obtained the '815 Registration.

43.    Defendant's sale of the Fake Products after July 13, 2021 is without Plaintiff's consent, permission, or license. Further, said sale constitutes counterfeiting as Defendant is using spurious designations that are identical with, or substantially indistinguishable from, the CLOUD 8 Mark and the Protected Trade Dress in commerce in connection with the sale of the Fake Products.

44.    Defendant has willfully and intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, offering for sale, and sale of the Fake Products.

45.    Defendant's sale of the Fake Products as set forth herein is likely to cause confusion or mistake in or to deceive consumers, to cause the public to believe that Defendant's Fake Products are Plaintiff's genuine electronic cigarette and oral vaporizer products, and/or that Defendant's Fake Products are authorized, sponsored, or approved by Plaintiff when they are not, and result in Defendant unfairly benefitting from Plaintiff's advertising and promotion and profiting from Plaintiff's reputation and the Registered Mark.

46.    In fact, actual confusion exists, as one of Plaintiff's customers purchased the Fake Products believing them to be legitimate products produced by Plaintiff, and consumers have messaged Plaintiff through its online communication channels reporting that they think they might have bought counterfeits and wondering how they can tell the difference.

47.    Defendant's actions have been willful, intentional, and in bad faith.

48.    Defendant's actions constitute trademark counterfeiting in violation of 15 U.S.C. § 1114(1).

WHEREFORE, premises considered, Plaintiff prays for all relief afforded by the Lanham Act pursuant to 15 U.S.C. § 1117, including but not limited to Plaintiff's damages, Defendant's profits, treble damages, statutory damages for use of a counterfeit mark, the costs of the action, reasonable attorneys' fees, impoundment or destruction of the Fake Products, permanent injunctive relief,

and/or any other, further, and different relief which the Court deems just and proper.

**COUNT II**
**Lanham Act Trademark Infringement**
**15 U.S.C. § 1125(a)(1)**

49.    Plaintiff adopts and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 48.

50.    Plaintiff uses the CLOUD 8 Mark and Protected Trade Dress throughout the United States, including but not limited to Florida, and Plaintiff has developed rights in and to the mark and trade dress in the State of Florida.

51.    Plaintiff's use of the CLOUD 8 Mark and Protected Trade Dress began in August 2020, prior to Defendant's use of same.

52.    Defendant is using the Infringing Mark and Infringing Trade Dress in commerce in connection with the manufacture, distribution, and/or sale of electronic cigarette and oral vaporizer products, including but not limited to vape cartridges and other related products. Said use is without Plaintiff's consent, permission, or license.

53.    The Fake Products, bearing the Infringing Mark and packaged in the Infringing Trade Dress, are confusingly similar to Plaintiff's legitimate products, and Defendant's infringing conduct is likely to cause confusion or mistake in or to deceive consumers.

54.    In fact, actual confusion exists, as one of Plaintiff's customers purchased the Fake Products believing them to be legitimate products produced by Plaintiff, and consumers have messaged Plaintiff through its online communication channels reporting that they think they might have bought counterfeits and wondering how they can tell the difference.

55.    Defendant's infringement of the CLOUD 8 Mark and Protected Trade Dress has been willful, intentional, and in bad faith.

56.    Defendant's actions constitute trademark infringement in violation of 15 U.S.C. § 1125(a)(1).

WHEREFORE, premises considered, Plaintiff prays for all relief afforded by the Lanham Act pursuant to 15 U.S.C. § 1117, including but not limited to Defendant's profits, Plaintiff's actual damages, the costs of the action, treble damages, reasonable attorneys' fees, impoundment or destruction of the Fake Products, permanent injunctive relief, and any other, further, and different relief which the Court deems just and proper.

## COUNT III
### Trademark Infringement
### Florida Common Law

57.    Plaintiff adopts and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 56.

58.    The activities of Defendant as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Plaintiff. Therefore, those activities constitute trademark infringement pursuant to the common law of Florida.

59.    Defendant has used the Infringing Mark and Infringing Trade Dress in commerce in connection with the sale and distribution of electronic cigarette and oral vaporizer products, including but not limited to vape cartridges and other related products. Therefore, those activities constitute trademark infringement under the common law of Florida.

WHEREFORE, premises considered, Plaintiff prays for all relief afforded by Florida law, including but not limited to Defendant's profits, Plaintiff's actual damages, the costs of the action, impoundment or destruction of the Fake Products, preliminary and permanent injunctive relief, and any other, further, and different relief which the Court deems just and proper.

## COUNT IV
### Unfair Competition in Violation of the Florida Deceptive and Unfair Trade Practices Act
### Fla. Stat. §§ 501.201-501.213

60.    Plaintiff adopts and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 59.

61.    Defendant has used the Infringing Mark and Infringing Trade Dress in commerce in connection with the sale and distribution, as well as the advertising

thereof, of electronic cigarette and oral vaporizer products, including but not limited to vape cartridges and other related products.

62.     The activities of Defendant as described herein are unfair and deceptive acts, and Plaintiff has been aggrieved by those acts. To wit, Plaintiff has lost sales, and its reputation and good will have been tarnished by Defendant's actions.

63.     Additionally, Defendant's actions have resulted in consumer confusion and are detrimental to consumers, as consumers are purchasing the Fake Products without realizing that they are inferior knock-off products.

64.     Based on the foregoing, Defendant's activities constitute unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act.

65.     Defendant will continue to so damage Plaintiff unless restrained by this Court, where Defendant is without any adequate remedy at law. As a result, Plaintiff is entitled to an order enjoining and restraining Defendant from selling the Fake Products.

WHEREFORE, premises considered, Plaintiff prays for all relief afforded by Florida law, including but not limited to permanent injunctive relief against Defendant's unfair practices and deceptive acts, damages, costs of the action,

attorneys' fees, and/or any other, further, and different relief which the Court deems just and proper.

Dated: October 29, 2021.

Respectfully Submitted,

*/s/ Ellen T. Mathews*
Ellen T. Mathews (FL Bar No. 0122217)
Gennifer L. Bridges (FL Bar No. 0072333)

*Attorneys for Plaintiff MAG Industries, Ltd.*

**OF COUNSEL:**
Burr & Forman, LLP
420 20th Street N, Ste. 3400
Birmingham, Alabama 35203
Tel: (205) 458-5410
Fax: (205) 458-5400
emathews@burr.com

Burr & Forman, LLP
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Tel: (407) 540-6600
Fax: (407) 540-6601
gbridges@burr.com